To THE PETITION OF COUNSEL FOR APPELLEES FOR A REHEARING,
CHIEF JUSTICE PRYOR
delivered the following eesponse OP THE court:
To hold that there is a saving in favor of the infants in this case would be to enlarge the provisions of the statute affording the remedies to which these parties were entitled. In the case of Cleveland’s administrator against Lyne the parties had been required to elect whether they would proceed at law or in equity, and this court, after determining that such action was proper by the court below, had only to consider the question as to the propriety of dismissing the bill in equity, the parties having elected to abandon the common-law proceedings. It is true this court, in that case, suggests that the heirs of Emma Jane Cleveland should have prosecuted the appeal within one year after her death, the appeal being from an order admitting her father’s will to probate fifteen years subsequent to his death.
Section 22 of the Civil Code (old) could not have applied, for the reason stated in the original opinion in this case, and a careful reading of the case referred to must impress the mind with the fact that no opinion was really expressed on the question involved here. The whole proceedings in regard to the contest and probate of wills, and the remedies by appeal, etc., are unlike appeals in ordinary cases, particularly as to time; and when the law-maker undertook to legislate on the rights *517 of infants, and to make a saving in their favor, no right was reserved after the lapse of five years from the date of the probate, securing the right of appeal on the part of infants, from the county to the circuit court. On the contrary, when the very question was made the subject of legislation and embraced within the statute, the legislature no doubt purposely omitted making any saving other than the right to appeal within the five years. The right.to file a petition in equity carries with it all the rights incidental to the prosecution of such an action, and such rights must be regarded as a part of the statute; still, when the judgment of the circuit court is permitted to be assailed, the saving, in favor of infants is reserved. The right to proceed in equity is expressly provided by the statute, while the right to appeal after the five years is withheld, or in fact not given. The attention of the law-maker must have been called to this question when legislating upon the saving clause in favor of infants after the case had reached the circuit court. Five years was deemed ample time, whether the rights of adults or infants were involved, in which to appeal to the circuit court, and this court will not imply a saving where the legislative intent must have been otherwise, or, when legislating on the very subject, they have omitted to insert any such clause with reference to appeals from the county court.
Petition overruled.